UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| CustomAir Ambulance, LLC,<br>as assignee of Laura D. Olsen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lund food Holdings, Inc. Health Care<br>Plan and Medica Self-Insured,<br><br>　　　　　Defendants. | Case No.: 17-CV-05181 DWF/KMM<br><br>**PLAINTIFF'S RESPONSE TO**<br>**ORDER TO SHOW CAUSE** |

_____

Plaintiff CustomAir Ambulance, LLC ("CustomAir") hereby responds to the Court's February 22, 2018, Order to show cause as to why the lawsuit should not be dismissed without prejudice for failure to timely serve the Complaint. (Doc. 9).

## INTRODUCTION

CustomAir moves the Court not to dismiss the lawsuit, for the following reasons.

\*　　CustomAir filed the initial Complaint on November 21, 2017. (Doc. 1).

\*　　After consultation with an attorney for the initial Defendants, CustomAir filed its Amended Complaint on January 18, 2018. (Doc. 5).

\*　　After further consultation with defense counsel on litigation and possible early mediation issues, both Defendants were sent a Waiver of Service on February 9, 2018, and received the waivers a few days thereafter. (Ex. "A" hereto, paras. 15-18).

\*       Defendant Medica Self-Insured ("Medica") executed and returned its Waiver of Service. (Doc. 14). Medica's response to the Complaint is due April 23, 2018. (Doc. 14). Medica's counsel, who filed a Notice of Appearance in the lawsuit on February 22, 2018 (Doc. 13), has contacted the Court and is seeking dates for a hearing on its anticipated Motion to Dismiss for either May 25 or June 15, 2018. (Ex. "A" hereto, para. 25).

\*       Defendant Lund Food Holdings, Inc. Health Care Plan ("Lund Foods") confirmed today (March 7, 2018) through its counsel that it will execute and return its Waiver of Service. (Ex. "A" hereto, para. 24).

CustomAir did not serve the Complaint or Amended Complaint, because it had been in contact with Defendants' counsel, was working with counsel to amend the Complaint to add proper parties, and anticipated receiving from each an executed Waiver of Service. Undersigned counsel apologizes for not keeping the Court better informed of what was happening behind the scenes.

Below and in the attached Declaration, CustomAir goes into greater detail as to what CustomAir, and in fact all parties, have been doing to move the case forward in an efficient manner. CustomAir moves the Court not to dismiss the lawsuit and allow another 30 days to obtain a signed Waiver of Service or complete personal service on Lund Foods.

/ / /

/ / /

/ / /

2

# DISCUSSION

## Plaintiff And Defendants Have Been Active In Litigating This Lawsuit.

CustomAir filed the initial Complaint on November 21, 2017. (Doc. 1). The initial Complaint named four entities as Defendants: Lund Food Holdings, Inc. Health Care Plan; Lund Foods Holding, Inc.; Medica Insurance Company; and Medica Health Management, L.L.C. (Doc. 1). After numerous discussions with an attorney representing several Medica entities, CustomAir was able to better identify proper Defendants.

Thus, on January 18, 2018, CustomAir filed an Amended Complaint. (Doc. 5). Based on discussions with counsel for the various Medica entities, CustomAir voluntarily withdrew its claims against both Medica Health Management, L.L.C., and Medica Insurance Company. (*Id.*). CustomAir's Amended Complaint instead added Medica Self-Insured. (*Id.*). [1]

Attached hereto as Exhibit "A" is the declaration of attorney Katherine MacKinnon, who had numerous communications with Medica attorney William Hittler regarding the parties and the allegations in the first Complaint. The Declaration, which is incorporated herein, sets forth numerous communications involving the parties, allegations, and possible early mediation options.

/ / /

/ / /

/ / /

---

[1] The names of these various entities can be confusing. The Court's February 22 Order noted that current Defendant Medica Self-Insured was also a named Defendant in the initial Complaint. In fact, it was two other similarly named Medica entities that were included in the initial Complaint. CustomAir has now been assured that current Defendant Medica Self-Insured in the correct Medica entity.

3

**Eighth Circuit Law Supports Allowing CustomAir
To Maintain The Lawsuit And Allow Additional 30 Days to
Obtain a Waiver of Service or Obtain Personal Service upon Lund Foods**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But **if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**" Fed. R. Civ. P. 4(m) (emphasis added). Thus, if good cause exists for the delay in service, then a district court must extend the time for perfecting service. Even if a plaintiff fails to show good cause, "the court still may extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

A showing of "good cause" only requires a showing of "excusable neglect;" that is, a showing "good faith and some reasonable basis for noncompliance with the rules." *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir.2007). The following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d at 866 (8th Cir.2007). These factors do not bear equal weight; the reason for delay is generally the key factor in the analysis. *In re Guidant Corp.*, 496 F.3d at 867.

Each one of these factors favors the Court allowing CustomAir to maintain the lawsuit. Defendant has not been prejudiced. The Defendant first named in the Amended Complaint (Medica Self-Insured) submitted its Waiver of Service and filed a Notice of Appearance one month after receiving a copy of the Amended Complaint.

Additionally, a court should consider "**whether the plaintiff has made diligent and reasonable efforts to effect service.**" *Campbell v. Wilhite*, 2007 U.S. Dist. LEXIS 80701, at *4, 2007 WL 3235097 (E.D.Mo. Oct. 31, 2007) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir.1994) (emphasis added)).

In the present case, Defendants not only know of the lawsuit, but assisted in trying to craft the Amended Complaint to identify the proper parties. Medica has appeared and intends to file a Motion to Dismiss, with a hearing scheduled for May or June 2018. Lund Foods counsel has advised Plaintiff's counsel that it will sign of waiver of service.

Moreover, leading up to the mailing of the Amended Complaint, the parties remained in regular contact to try to identify the proper parties and ensure the proper claims were being pursued.

Finally, service has been completed on Medica. Pursuant to Fed. R. Civ. P. 4(d)(2)(B)(4), Medica's Waiver of Service filed on March 3, 2018 (but signed on February 22, 2018) constitutes completed service. Medica's attorneys also filed a Notice of Appearance on February 22, 2018, to appear and defend the claims in the lawsuit.

Service is nearly completed on Lund Foods.

/ / /

/ / /

## CONCLUSION

CustomAir apologizes for not keeping the Court better informed of what was going on "behind the scenes." Counsel knows and understands the importance the Court and counsel place on an efficient docket and processing of cases. This is, in fact, why CustomAir worked with Defendants' counsel prior to filing its Amended Complaint. Responses to the Amended Complaint will be due April 23, 2018.

CustomAir moves the Court not to dismiss the lawsuit or any part of it, and to allow CustomAir 30 more days to either obtain a written Waiver of Service from Lund Foods or personally serve Lund Foods.

Dated: March 7, 2018.

LAW OFFICE OF KATHERINE L. MACKINNON, P.L.L.C.

By: */s/ Katherine L. MacKinnon*
Katherine L. MacKinnon (MN ID 170926)
2356 University Avenue W. Suite 230
St. Paul, MN 55414
952-915-9215 (ph)
952-915-9217 (fax)
katemackinnon-atty@msn.com
*Counsel for Plaintiff CustomAir Ambulance, LLC*

RADIX LAW, PLC

By: */s/ Robert N. Mann*
Jonathan B. Frutkin (AZ Id 0225993)
Robert N. Mann (AZ Id 015892)
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
Phone: 602-606-9300

6

jfrutkin@radixlaw.com
mann@radixlaw.com
*Counsel for Plaintiff CustomAir Ambulance, LLC*
*Admitted Pro Hac Vice*

797012.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2018, I electronically transmitted the foregoing document and any attachments to the Clerk of the U.S. District Court for the District of Minnesota using the C</ECF System for filing and a transmittal of a Notice of Electronic Filing was sent to the CM/ECF registered participants as listed below.

William D. Hittler
Brandie Morgenroth
NILAN JOHNSON LEWIS PA
120 South Sixth Street, Suite 400
Minneapolis, MN 55402-4501
Phone: 612-305-7500
Fax: 612-305-7501
whittler@nilanjohnson.com
bmorgenroth@nilanjohnson.com
*Attorneys for Defendant Medica Self-Insured*

By: *Sandra L. Shapiro*