EX. "A"

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CustomAir Ambulance, LLC, as assignee of Laura D. Olsen,<br><br>Plaintiff,<br><br>v.<br><br>Lund Food Holdings, Inc. Health Care Plan and Medica Self-Insured,<br><br>Defendants. | Case No.: 17-CV-05181 DWF/KMM<br><br>**DECLARATION OF<br>KATHERINE L. MACKINNON** |

I, Katherine L. MacKinnon, declare upon penalty of perjury that the following statements are true and correct.

1. I filed the original complaint via ECF in the federal district court on November 21, 2017. The named defendants were: Lund Food Holdings, Inc. Health Care Plan, Lund Foods Holding, Inc., Medica Insurance Company and Medica Health Management, L.L.C.

2. I filed the Rule 7.1 corporate disclosure statement the same day on behalf of CustomAir Ambulance LLC.

3. I received a telephone call from William Hittler on December 4, 2017 who advised me that he had been retained to represent Medica Insurance Company. He said he was uncertain whether he would also be counsel for Medica Health

1

advised that p.7 of the plan document stated that Medica Self-Insured is the proper entity to be named as the claims administrator and that Medica Insurance Company and Medica Health Management LLC were not proper parties for purposes of my Amended Complaint. He also asked that I take Lund Food Holdings, Inc. and the Lund Food Holdings Inc. Health Care Plan out as defendants as Medica was the entity that made the decisions.

8. On January 18, 2018, I wrote a letter to Mr. Hittler enclosing a courtesy copy of the Amended Complaint. Additionally, I reported back to him on the availability of Retired Magistrate Judge Boylan and Retired Magistrate Judge Lebedoff for the purposes of any possible early mediation.

9. On January 18, 2018, I filed the Amended Complaint through ECF. In the Amended Complaint I dropped Medica Health Management L.L.C. and Medica Insurance Company as defendants and substituted Medica Self-Insured as Mr. Hittler had requested.

10. On January 19, 2018, I sent a copy of the filed version of the Amended Complaint to Mr. Hittler.

11. On January 24, 2018 I had a telephone call with Mr. Hittler from my cell phone. We discussed the fact that I had not removed Lund Food Holdings, Inc. Health Care Plan as a Defendant from the Amended Complaint as he had asked. I explained that I had reviewed the case law on whether a self-insured health plan must be a named defendant along with the insurer/claims administrator, and that my reading of Judge Patrick Schiltz's opinion in *Slayhi v. High-Tech Institute,* 2007 WL 4284859

(D. Minn.12/3/07), a case which exhaustively addressed this topic, indicated that at this juncture I needed to have both the plan and the claims administrator named.

12. On January 30, 2018, I spoke with Mr. Hittler and he advised that his clients were fine with approaching Retired Magistrate Judge Arthur Boylan for an early mediation. He also told me that he was going to read the *Slayhi* decision.

13. The same day I scheduled the mediation for April 4, 2018 via the website calendar interface maintained by Retired Magistrate Judge Boylan on his mediation website. I also called and left a voicemail message with Mr. Hittler to the effect that I had taken the slot for mediation on April 4, 2018.

14. On February 5, 2018 I received a call from Mr. Hittler in which he advised that his clients were of the view that mediation in early April would be unproductive because the clients believed that they had a strong defense of failure to exhaust administrative remedies and that this would need to be worked out before any mediation.

15. Under these circumstances service of process needed to go forward. I drafted letters for services, notice of service by mail and waiver of service forms for the two defendants named in the Amended Complaint. The service letters included both the original Complaint and the Amended Complaint. I sent a courtesy copy of these packages with all enclosures to Mr. Hittler.

16. I personally sent these packages via U.S.P.S. certified mail return receipt requested on February 9, 2018.

17. I received the return receipt "green card" for Lund Food Holdings, Inc.

Health Care Plan that indicated it was delivered on February 12, 2018 and received by Emily M.

18. I received the return receipt "green card" for Medica Self Insured which indicated that it was delivered on February 14, 2018 and the package received by Rob Johnson.

19. The court issued an Order to Show Cause via ECF on February 20, 2018.

20. On February 21, 2018, James P. Jacobson, Senior Vice President and General Counsel for Medica Self-Insured executed and returned the Waiver of Service for Defendant Medica Self-Insured to my office.

21. On February 22, 2018, Brandie Morgenroth and William Hittler of the law firm of Nilan Johnson Lewis PA filed with the Court a Notice of Appearance on behalf of Medica Self-Insured.

22. On March 7, 2018 Robert N. Mann, admitted pro hac vice, filed the Waiver of Service executed on February 22, 2018 by counsel for Medica Self-Insured with the Court via ECF.

23. On March 6, 2018 I received an email from Mr. Hittler regarding three possible dates for a hearing on Medica Self-Insured's proposed motion to dismiss and forwarded those dates to Mr. Mann for his response.

24. On March 7, 2018 Attorney Andrew Holly from the Dorsey and Whitney law firm sent me an email confirming that Lund Food Holdings Inc. Health Care Plan will be returning the waiver of service form for it.

25. On March 7, 2018 I received an additional email from Mr. Hittler with the dates that Mr. Holly would be available for a hearing on a motion to dismiss.

Dated: March 7, 2018.

        LAW OFFICE OF KATHERINE L. MACKINNON, P.L.L.C.

        By: *Katherine L. MacKinnon* (signature)
        Katherine L. MacKinnon (MN ID 170926)
        2356 University Avenue W. Suite 230
        St. Paul, MN 55414
        952-915-9215 (ph)
        952-915-9217 (fax)
        katemackinnon-atty@msn.com
        *Counsel for Plaintiff CustomAir Ambulance, LLC*